**CONDITIONALLY GRANT and Opinion Filed March 31, 2023**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-23-00298-CV**

**IN RE ONCOR ELECTRIC
DELIVERY COMPANY,
LLC, Relator**

**Original Proceeding from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-16-01615**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Goldstein

Before the Court is relator Oncor Electric Delivery Company, LLC's March 29, 2023, petition for writ of mandamus wherein relator challenges the trial court's March 28, 2023, pretrial order granting real party in interest James Stacey Taylor's motion to increase the expense reimbursement for jurors in this action to $250 per day. We requested a response from real party in interest Taylor, which was timely filed on March 30, 2023. We conditionally grant Oncor's petition for writ of mandamus.

## Background

In the underlying case, Taylor sued Oncor for personal injuries he sustained after coming into contact with high voltage lines. The case is set for trial on April 3, 2023. On January 19, 2023, Taylor filed a motion to increase juror pay proposing that the parties raise the standard juror pay by agreement and each pay 50% of the additional cost. In the event Oncor opposed the motion, Taylor stated his willingness to pay 100% of the additional cost.

On February 6, 2023, Oncor filed its opposition to Taylor's motion arguing the motion was prohibited by government code section 61.001(d). At a hearing on the motion on March 17, 2023, the trial court orally granted the motion and increased the jurors' expense reimbursement to $250 per day with Taylor "paying 100% of the increase over the normal $40 per day." On March 28, 2023, the trial court signed a written order to the same effect. This original proceeding followed.

## Applicable Law

Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court has clearly abused its discretion, and (2) there is no adequate appellate remedy. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). "A failure by the trial court to apply the law correctly constitutes an abuse of discretion." *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

Section 61.001 of the Texas Government Code governs the "reimbursement of expenses of jurors and prospective jurors" and provides that the commissioners court of the county "shall determine the daily amount of reimbursement" to jurors. TEX. GOV'T. CODE § 61.001(b). Only one exception exists concerning that arrangement. The exception provides that:

> In a specific case, the presiding judge, with the agreement of the parties involved or their attorneys, may increase the daily amount of reimbursement for a person who reports for jury service in that case. The difference between the usual daily amount of reimbursement and the daily amount of reimbursement for a person who reports for jury service in a specific case shall be paid, in equal amounts, by the parties involved in the case."

*Id.* § 61.001(d).

**Discussion**

Section 61.001(d) of the government code provides that juror reimbursement may be increased but only with the agreement of the parties, and any increase must be paid in equal amounts by the parties involved in the case. *See id.* Here, Oncor opposed the increase in juror reimbursement; nevertheless, the trial court entered an order increasing juror reimbursement and ordering Taylor to pay 100% of the increased amount. Because the trial court's order thus violated section 61.001(d) in two respects, we conclude the trial court abused its discretion in entering its March 28, 2023, order. *See id.*; *In re BP Prods. N. Am., Inc.*, 244 S.W.3d at 845.

The trial court's order averred that "the county's system for jury reimbursement encompasses accounting as promulgated by the County Auditor with

–3–

funds disbursed through County Fund 125," stating the "plan and timing of distribution has been completed" and thereafter ordered in pertinent part:

> The County Treasurer and District Clerk shall process the check distributions from the County's Jury Fund according to the plan and Plaintiff shall promptly reimburse the County for the differential.[1]

There is a dearth of authority that permits the County Treasurer and District Clerk to process distributions from the County Jury Fund that are in excess of the amounts authorized to be reimbursed from the County Jury Fund. *See* TEX. GOV'T CODE § 61.001(a), (b). We have found no authority and the parties have cited none providing for the reimbursement of monies expended from a specific county fund in excess of the authorized distribution, apart from subsection (d). *See id.* § 61.001(d)

Parties who want jurors to be paid more than the amount the commissioners court has set in accordance with section 61.001(a) and (c) are bound by the statute. *See* Tex. Att'y Gen. LO-97-009 (1997). The only authorization necessitates the parties' agreement. *See* TEX. GOV'T CODE § 61.001(d). It is undisputed there is no agreement. We are unpersuaded by the trial court's consideration of unspecified "authority, including the inherent and implied power of the Court" that is contrary to the express statutory language mandating an agreement to increase the daily amount of

---

[1] We note that there is no record of "the plan and timing of distribution [that] has been completed," but that is not relevant to our analysis here.

–4–

reimbursement for a juror that requires payment in equal amounts by the parties involved.

We are equally unpersuaded by the authority relied upon by Taylor in his response relative to the implied and inherent authority of a trial court: *Steenbergen v. Ford Motor Co.*, 814 S.W.2d 755, 762 (Tex. App.—Dallas 1992, writ denied) and cases cited therein. Taylor fails to appreciate the position of jurors as officers of the court[2] with particularized responsibility in our judicial system, preserving and protecting the right of trial by jury guaranteed by the Texas Constitution. Tex. Const. art. I, § 15. "The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution . . . ." Tex. Const. art. III, § 44. Because section 61.001 is the only delegation of authority from the Legislature regarding juror compensation, we conclude there is no inherent or implied authority for the trial court to act outside the provisions of section 61.001.

The trial court has abused her discretion by failing to apply Section 61.001 correctly. There is no adequate remedy at law as we perceive no legal remedy to rectify the court ordered unauthorized distributions by the County Treasurer and District Clerk in excess of the approved reimbursements, with

---

[2] S*ee* Tex. Att'y Gen. LO-97-009 (1997).

–5–

concomitant payments made to the jurors in the absence of the statutorily mandated agreement of the parties. Therefore, the issue before us "eludes answer by appeal," and mandamus is an appropriate remedy. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 138.

## Conclusion

After reviewing Oncor's petition, Taylor's response, and the record before us, we conditionally grant Oncor's petition for writ of mandamus. We order the trial court to issue prior to empaneling the jury a written ruling vacating its March 28, 2023 "Order Granting Plaintiff's Motion to Increase Juror Pay." We further order the trial court to file with this Court, within the time for compliance with the Court's opinion and order of this date, a certified copy of its order or orders evidencing such compliance. Should the trial court fail to comply with this order, the writ will issue.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

230298F.P05

–6–